# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

UNITED STATES OF AMERICA,

    Respondent,

v.

ARISTOTLE R. MATSA, et al.,

    Petitioner.

CASE NO. 2:15-CV-700
CRIM. NO. 2:09-CR-00297
**CHIEF JUDGE EDMUND A. SARGUS, JR.**
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

On October 6, 2017, the Magistrate Judge issued an *Order and Report and Recommendation* denying Petitioner's *Motion to Cause the Electronic Inclusion of All Documents Previously filed in This Matter by The Petitioner* and *Motion to Strike Response to Motion,* and recommending that the *Motion to Vacate under 28 U.S.C. § 2255* be denied. (ECF No. 437.) Petitioner has filed an *Objection* to the Magistrate Judge's *Order and Report and Recommendation.* (ECF No. 440.)

Petitioner objects to all of the Magistrate Judge's recommendations. He makes all of the same arguments he previously presented, and incorporates his prior pleadings in their entirety. Petitioner contends that the Respondent has conceded error by failing to address all of Petitioner's arguments in the response to the § 2255 motion. Petitioner argues that the Respondent has conceded certain issues, by failing to address them in the *Return of Writ*. He complains that all of his voluminous pleadings and exhibits in support have not been scanned and been made a part of the CM/ECF electronic filing system, and claims that this violates his right to due process, equal protection, and fair review. Petitioner again argues at length that the prosecutor improperly pursued charges against him, despite knowing that Petitioner had

committed no crime and lacked any criminal intent. According to Petitioner, he did not learn about the magnitude of the alleged prosecutorial misconduct in this case until after the conclusion of his appeal. Therefore, he contends, the appellate court's decision is of "no probative value." *Objection* (ECF No. 440, PageID# 89206.) Petitioner again argues that he is actually innocent, and the victim of an egregious miscarriage of justice, and makes lengthy arguments in support of this claim. He also now alleges that the Respondent has somehow tampered with his pleadings in this case.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons addressed in the Magistrate Judge's *Report and Recommendation*, Petitioner's objections are not well-taken. Review of this case does not necessitate that the Clerk scan all of the voluminous documents that Petitioner has filed in support of his claims and his allegation that Respondent has altered the pleadings in this case is without any basis. Similarly, Petitioner's allegations of prosecutorial misconduct have either been addressed by the Sixth Circuit or lack any record support. Moreover, neither his claim that he is actually innocent of the charges or that the evidence is constitutionally insufficient to sustain his convictions provide him a basis for relief in these proceedings. *See Scott v. Morrison*, 58 F. App'x 602, 603 (6th Cir. 2002); Cress v. Palmer, 484 F.3d 844, 854-55 (6th Cir. 2007). For these reasons, and for the reasons already well detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection* (ECF No. 440) is **OVERRULED**. The *Order and Report and Recommendation* (ECF No. 437) is **ADOPTED** and **AFFIRMED**. The *Motion to Vacate under 28 U.S.C. § 2255* is **DENIED**. Petitioner's *Motion to Cause the electronic Inclusion of All Documents Previously Filed In This Matter* (ECF No. 428) and *Motion to Strike Response to Motion* (ECF No. 431) are **DENIED**. Respondent's motion to hold answer in abeyance (see ECF No. 429) is **DENIED** as moot.

This action is hereby **DISMISSED**.

Petitioner seeks a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, —— U.S. ——. ——, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.) The petitioner must establish the substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack,* 529 U.S. at 484 (quoting *Barefoot*, 463 U.S., at 893 n. 4). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* The Court is not persuaded that Petitioner can meet this standard here.

Therefore, Petitioner's request for a certificate of appealability is **DENIED**.

**IT IS SO ORDERED**.

10-3-2017

EDMUND A. SARGUS, JR.
Chief United States District Judge